IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| BRAD A. KVACH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 cv 91 EJM |
| vs. | ) | |
| | ) | ORDER |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability income and supplemental security income benefits. Briefing concluded April 25, 2016. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) failed to properly calculate plaintiff's residual functional capacity (RFC), and failed to properly evaluate his subjective allegations. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

Plaintiff is a 51-year-old man with a high school education plus two years of college and past work history as a field service engineer and electronics technician. He filed an application for disability benefits alleging degenerative disk disease and herniated discs, status post laminectomy.

The ALJ stated that in reaching his residual functional capacity finding he considered the opinion evidence in the record in accordance with 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p. (Tr. 440). Specifically, the ALJ considered an opinion from consultative physician, George T. Kappos, M.D., indicating plaintiff could only occasionally sit, stand, and walk (Tr. 444). The ALJ discounted those opined limitations because the limitations were inconsistent with plaintiff's conservative treatment and findings on examination (Tr. 444). The ALJ may appropriately discount a medical opinion that is inconsistent with other evidence. See Goff v. Barnhart, 421 F.3d 785, 790-91 (8th Cir. 2005).

Plaintiff challenges the ALJ's discounting of Dr. Kappos' opinion. The ALJ only gave Dr. Kappos' opinion some weight and rejected his limitations in sitting, standing, and walking (Tr. 444). Plaintiff argues the ALJ (1) conflated "occasional" standing and walking to "frequent" standing and walking, (2) arbitrarily and capriciously interpreted "occasional" as the ability to perform the activity for 6 hours out of an 8-hour work day, and (3) did not support his interpretation of "occasionally" as "6 hours out of an 8-hour workday" with substantial evidence. But the ALJ did not interpret "occasional" as plaintiff contends. The ALJ did reject Dr. Kappos' opinion regarding limitations in sitting, standing and walking, and allowably so. (Tr. 444).

The ALJ discounted Dr. Kappos' limitations in sitting, standing, and walking, because they were inconsistent with plaintiff's treatment history. Although Dr. Kappos' checked that plaintiff could occasionally sit, stand, and walk, the doctor did not define the term "occasionally" in his report (Tr. 323). Dr. Kappos indicated in formulating the opinion he accepted as correct and based his opinion on plaintiff's self-reported history (Tr. 324). The ALJ allowably found plaintiff's subjective allegations to be not credible, so Dr. Kappos' opinion based on those allegations may properly be discounted.

Dr. Kappos stated the work activity level and strength capability assessments were also a factor of plaintiff's body habits, level of conditioning, and motivations, factors the Commissioner properly ignores in assessing RFC. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996); 20 C.F.R. § 404.1566(c). Contrary to the sitting, standing, and walking limitations Dr. Kappos opined, the ALJ noted the record indicated plaintiff's symptoms are effectively treated with conservative modalities, such as medicine and steroid injections (Tr. 444). The medical reports, including Dr. Kappos' report, showed plaintiff has good muscle and motor strength, with no muscle atrophy (Tr. 255, 263-266, 295, 306, 310, 315, 325-326, 335, 375, 402, 409, 417, 780, 782, 795, 807-808, 810, 816, 822, 825, 828, 838, 840, 842, 844, 846, 856, 862, 870, 876, 882, 884, 888, 892). Magnetic resonance imaging scans (MRIs) during the period under review indicated various degenerative changes in the lumbar spine (Tr. 285, 332, 8-4-805). An electromyography examination was negative (Tr. 332). No further surgery has been recommended (Tr. 910). The ALJ properly concluded Dr. Kappos' opinion regarding sitting, standing, and walking limitations were unsupported. See Goff, 421 F.3d at 790–91 ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to

discount the opinion."). Since the ALJ allowably discounted Dr. Kappos' medical opinion, with substantial evidence supporting this, the ALJ's findings are confirmed.

The ALJ properly found that plaintiff's subjective statements were not entirely credible. Credibility questions concerning a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." Moore, 572 F.3d at 524 (quoting Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001) (internal quotation marks omitted)). The ALJ found plaintiff not fully credible based on his work history, daily activities and treatment record. This is also supported by the record.

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

April 27, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT